IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

**PAUL J. MEYERS, M.D.,**

    **Plaintiff,**

v.                                                                 Civil Action No. 4:02cv9

**CARL J. LEVINSON, M.D.,**

    **Defendant.**

## ORDER and OPINION

Pending before the court is plaintiff's motion for reconsideration filed on August 5, 2005. The plaintiff asks this court to reconsider its July 26, 2005 Order and Opinion granting the defendant's, Carl J. Levinson, motion for summary judgment. In reviewing the materials presented by each party, the court concludes that a hearing is not necessary to resolve the issues presented in this motion. For the reasons stated herein and articulated fully in the court's July 26, 2005 order, the court **DENIES** the plaintiff's motion for reconsideration.

I. Procedural History

This case has a long and complex procedural history that is summarized in full in this court's July 26, 2005 order granting the defendant's motion for summary judgment. Thus, the court refrains from revisiting these details and mentions only those events relevant to the filing of the instant motion.

On January 31, 2002, the plaintiff, Dr. Paul J. Meyers, filed his Complaint in this court alleging various claims of defamation against the defendant, Dr. Carl J. Levinson, stemming from a report provided by Dr. Levinson to the Riverside Regional Medical Center ("Riverside") in

Newport News, Virginia, on or about June 27, 2000. On May 2, 2005, the defendant filed motions to dismiss and for summary judgment. On July 26, 2005, after reviewing materials presented by both parties, the court denied the defendant's motion to dismiss, but granted the motion for summary judgment. In sum, the court found that, as to the alleged republication of the report to Riverside, the plaintiff was time-barred from bringing his action, and that the republication to Mary Immaculate Hospital (MIH) was not the natural and probable consequence of the publication of the report to Riverside. On August 5, 2005, the plaintiff filed the instant motion for reconsideration asking this court to review its July 26, 2005 order. On August 18, 2005, the defendant filed his response and brief in opposition to the defendant's motion. On August 22, 2005, the plaintiff filed his reply. Thus, this motion is ripe for review by this court.

## II. Discussion

As stated above, in his motion for reconsideration, the plaintiff asks this court to reconsider its July 26, 2005 Order and Opinion granting the defendant's motion for summary judgment. Specifically, the plaintiff argues that the republication of the defendant's report by Riverside to MIH was within the natural and probable consequences of the defendant's actions, and that the republication of the defendant's report to Riverside's fair hearing panel was not part of an aggregate publication under the single publication rule.

Federal Rule of Civil Procedure 59(e) allows an aggrieved party to file a motion to alter or amend a judgment.[1] However, the Fourth Circuit Court of Appeals has recognized only three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling

---

[1]Although the plaintiff does not specifically reference Rule 59, the court construes this motion as made pursuant to this rule because the plaintiff filed the instant motion within ten days of the court's order granting summary judgment.

2

law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (internal citations omitted). A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion and such a motion should not be used to rehash the same arguments and facts previously presented. Id.; Keyes v. National R.R. Passenger Corp., 766 F.Supp. 277, 280 (E.D. Pa. 1991). Rather, "the purpose of a Rule 59(e) motion is to 'allow the court to reevaluate the basis for its decision.'" Rouse v. Nielson, 851 F. Supp. at 734 (D.S.C. 1994 (quoting Keyes, 766 F. Supp. at 280)). In addressing petitioner's claim, the court is mindful that, "[a] Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided." Delong v. Thompson, 790 F.Supp. 594, 618 (E.D. Va. 1991). The court of appeals reviews a district court's ruling on a Rule 59(e) motion for abuse of discretion. Timkin v. Frederick County Comm'rs, 945 F.2d 716, 724 (4th Cir. 1991).

In this case, the plaintiff presumably desires the court to amend its order to account for new evidence or to correct a clear error of law. A party requesting relief based on new evidence under Rule 59(e) must show why such proof could not have been submitted at the time the court considered the motion for summary judgment. RGI, Inc. v. United Ind., Inc., 963 F.2d 658, 662 (4th Cir. 1992). In this case, the plaintiff has submitted the following exhibits attached to his motion: A-1, B-1, B-2, C-1, C-2, C-3, D-1, D-2, D-3, D-4, D-5, E, F, and G. With regard to all of these exhibits, the plaintiff has either previously submitted the evidence to this court, has failed to show that the information was not available to him while the motion for summary judgment was pending, or has not shown that the information creates a genuine issue of material fact.

With regard to Exhibit A-1, a letter from Riverside's attorney to the plaintiff's counsel, and

Exhibit F, an excerpt from Riverside's bylaws, the court finds that the plaintiff submitted this evidence to the court on previous occasions. (See Pl. Br. Opposing Defendant's Motion for Summary Judgment, Ex. D &G). Furthermore, Exhibits D-1, D-2, D-3, and D-4, which consist of a series of correspondence between Riverside and MIH, and Exhibit E, minutes from Riverside's Executive Session of the Executive Committee Meeting, were available to the plaintiff before the defendant moved for summary judgment, as evidenced by the Bates stamp on the documents. As to Exhibit D-5, a confirmation from Rudolph Freeman that he was in receipt of material from MIH, the court is unable to determine when the plaintiff received this exhibit because it does not have a Bates stamp. However, this evidence does not entitle the plaintiff to relief because it creates no genuine issue of material fact in this case.

  Finally, the plaintiff submits Exhibits B-1, B-2, C-1, C-2, and C-3. These exhibits consist of an excerpt from Rudolph Freeman's deposition and his certification of his deposition transcript. The plaintiff submits these exhibits for the proposition that the Joint Commission on the Accreditation of Health Care Organizations ("JCAHO") contemplates the exchange of peer review information between hospitals. Although the plaintiff did not have this evidence in transcript form at the time the summary judgment motion was pending, he had access to this information in Dr. Freeman's "Answers to First Requests for Admissions", which the plaintiff used as Exhibit B to his Brief Opposing Defendant's Motion for Summary Judgment. Thus, the plaintiff is not able to show that this evidence was unavailable to him at the time that summary judgment was pending before this court.

  Hence, with regard to all of these exhibits, the plaintiff has either previously submitted the evidence to this court, has failed to show that the information was not available to him while the

motion for summary judgment was pending, or has not shown that the information creates a genuine issue of material fact. Therefore, the plaintiff is not entitled to relief under Rule 59 based on new evidence.

The plaintiff also contends that he is entitled to relief because the court based its opinion on erroneous rulings of law. First, the plaintiff argues that the republication of the report to MIH was the natural and probable consequences of the defendant's act, and that the court erred by concluding that the court should look to the expectation of the author of the defamation in determining whether a republication is the natural and probable consequence of the defamer's original act. However, in making this argument, the plaintiff minimizes the existence of the confidentiality agreement between Riverside and the defendant. The portion of the agreement that relates to the confidentiality of the report states:

> You will maintain the information obtained through this engagement in strict confidence in accordance with the protections and privileges accorded peer review activities under Virginia and federal law. The work product of your efforts, including, but not limited to, any reports, memoranda, correspondence, and notes, shall also be privileged, *strictly confidential*, and used only for the purposes of the peer review activities *of RRMC [Riverside]*, and all persons within its control *shall not disclose to third parties* any information gained during the course of this engagement.

(Emphasis added).

The explicit language of the letter agreement states that the information in the defendant's report shall remain "strictly confidential", that it should only be used for the peer review activities of Riverside, and shall not be disclosed to third parties. Thus, the court did not base its conclusion solely on the expectations of the defendant, but on the scope of the unambiguous confidentiality

agreement between Riverside and the defendant.[2] Under the letter agreement, the defendant's report was explicitly limited to Riverside. Although it may be true that hospitals sometimes share peer review information, such practice does not raise a question of fact in this case because the unambiguous agreement specifically limited the use of the defendant's report to Riverside alone. Thus, the plaintiff's argument as to the republication of the report to MIH is without merit.

Second, the plaintiff argues that publication of the defendant's report to the fair hearing panel was not part of a single aggregate publication to Riverside based on the single publication rule, and that the court erred in determining that it was part of the same publication. The plaintiff contends that the single publication rule does not apply because Riverside's fair hearing panel was a different audience than Riverside's medical executive committee. Thus, he argues that his claim based on republication of the defendant's report to the fair hearing panel is not time-barred by the one year statute of limitations.

In support of this argument, the plaintiff insists that the court misinterpreted the holding of Semida v. Rice, 863 F.2d 1156 (4th Cir. 1988) and erred in using Semida to support its finding that the single publication rule applies in the instant case. The plaintiff claims that Semida limited the situations when it is reasonable to construe the dissemination of multiple copies of a document within an organization as an aggregate communication to those in which both substantial contemporaneousness and a direct interest in the matter are present. However, Semida did not stand

---

[2]The court notes that the plaintiff's argument is inconsistent in that he contends that the court erred by considering the defendant's expectations with regard to the report, while at the same time arguing that, based on the defendant's background, the defendant should have had a reasonable expectation that his report would be shared with other hospitals. (Pl. Br. Supporting Mo. For Reconsideration at 4, n.4).

for this proposition. Although the Semida court lists these two factors; it did not hold that they are necessary for the single publication rule to apply. For the reasons stated in great detail in this court's July 26, 2005 Order and Opinion, this court rejects the plaintiff's interpretation of Semida v. Rice, 863 F.2d 1156 (4th Cir. 1988) and remains of the opinion that Semida supports the application of the single publication rule in this case. Thus, the plaintiff is not able to show that there has been a clear error of law.

In support of his theory that the court erred in its analysis of the single publication rule, the plaintiff compares the publication of the report to the fair hearing panel to the publication of a defamatory article published in both the morning and evening editions of a newspaper. In the newspaper analogy, the single publication rule would not apply, and the publication of the article in the second edition of the newspaper would be a separate actionable publication because the article was published to two different audiences. However, the court disagrees with the plaintiff's analogy and finds that the instant case is more analogous to Gelbard v. Bodary, 270 A.D. 866 (2001), a case that this court cited in a footnote in its original order granting the defendant's motion for summary judgment. Although Gelbard is not precedent for this court, a discussion of it is worthy of repetition as it is illustrative of the court's rationale in determining that the single publication rule should apply to the facts of the instant case.

In Gelbard, a physician participating in the peer review of another physician published an allegedly defamatory letter on March 19, 1993. This letter was subsequently provided to a hospital review committee. The physician later appeared before the committee during a hearing and repeated and extended the statements made in the letter. The plaintiff physician filed a defamation action more than one year after the original publication date, but within a year of the republication of the

letter to the committee and the repetition of the statements therein by the defendant physician. The New York Supreme Court held that the distribution of the contents of the letter to the committee was not a distinct republication and held any claims based on the letter, as well as on the statements made by the defendant based on the letter, were untimely.

As explained in its original order, this court does not necessarily agree that oral statements based on the letter would be covered by the application of the single publication rule, see Katz, 332 F. Supp. at 914 (noting that oral statements based on defamatory letter within one year period are actionable). However, the court does agree with the following concern expressed by the New York Supreme Court: "Were we to hold otherwise, a defamation claim could accrue when a letter is provided to other individuals involved in a professional review process months or even years later." Gelbard, 270 A.D. 2d at 867. This same rationale supports this court's reading of Semida and the finding that the single publication rule is applicable whether the defendant's report was distributed to either the same target audience, or a different audience within the same organization with a shared interest in it. Thus, because the plaintiff is unable to show that a clear error of law resulted in this court's order granting summary judgment, the plaintiff is not entitled to relief from such order.

### III. Conclusion

In conclusion, the plaintiff is not entitled to relief because he is unable to show that a clear error of law occurred in the court's analysis of the defendant's motion for summary judgment, or that his alleged new evidence was previously unavailable at the time such motion was pending before this court. Furthermore, even if the plaintiff was able to make such a showing, he would not be entitled to relief because the submitted evidence does not create a genuine issue of material fact in this case. Accordingly, the court **DENIES** the plaintiff's motion for reconsideration. The court notes

that the relief the plaintiff seeks lies in his right to appeal this court's July 26, 2005 order granting summary judgment.

The Clerk is **REQUESTED** to mail copies of this order to counsel for all parties.

It is so **ORDERED.**

                                                  /s/
                                    Jerome B. Friedman
                              UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 29th, 2005